## Case No. 9,174.

MARTINEZ v. The ANGLO NORMAN et al.

[Newb. 492.] [1]

District Court, E. D. Louisiana. Nov., 1854.[2]

COLLISION—TOW—SHORT HAWSER—PROPER MEASURE OF PREVENTION.

1. Where it appeared, that while the libelant's schooner and a bark were in tow of a tow-boat, both vessels being astern of the tow-boat, the schooner by some mismanagement, ran in before the bow of the bark. broke her own hawser, capsized and immediately sunk; and it further appeared that the cause of the disaster was the shortness of the hawser of the schooner, and the refusal of those in charge of her "to pay it out," in obedience to the orders of the master of the tow-boat; it was *held* that neither the tow-boat nor the bark was to blame, and that the libel should be dismissed.

2. In a collision between two vessels, where it appears that one of them has neglected an ordinary and proper measure of prevention, the burden is on her to show that the collision was not owing to her neglect, but would have equally happened, if she had performed her duty.

[Suit in admiralty by Ramon Martinez and others, owners of the schooner Anita, against the steamboat Anglo Norman and the bark Jane E. Williams for the recovery of damages caused by collision.]

C. Roselius, for libelants.

Benjamin, Bradford & Finney, for the Anglo Norman.

Durant & Hornor, for the Jane E. Williams.

McCALEB, District Judge. In this case it appears that, while the schooner Anita belonging to the libelants, and the bark Jane E. Williams were in tow of the Anglo Norman, both vessels being astern of the tow-boat, the schooner by some mismanagement, ran in before the bow of the bark, broke her own hawser, capsized and immediately sunk. This suit is brought to recover the damages sustained by the libelants in consequence of the loss of their vessel; and they have filed their libel against both the tow-boat and the bark.

An attentive examination of all the evidence has led me to the conclusion that the cause of the disaster was the shortness of

the hawser by which the schooner was towed. It is impossible, it seems to me, that the loss of the schooner could have occurred in the manner spoken of by the witnesses, if the two vessels astern had been placed at an equal distance from the stern of the tow-boat. The evidence on behalf of the libelants is very strong in support of the position assumed by their proctor, that the collision occurred in consequence of the wild and irregular steering of the bark; but on behalf of the latter vessel, it is equally strong that the schooner was to blame. I can see no fair ground for giving judgment against either the tow-boat or the bark. The captain of the former repeatedly gave orders to the schooner, to "pay out" the hawser; and he was certainly not to blame if his orders were not obeyed. Nor could the bark be responsible for the deficiency in the length of the hawser, or the irregular steering which was the consequence of that deficiency. I am therefore of opinion that the libelants have failed to make out a case which would entitle them to the judgment of the court.

In a collision between two vessels, where it appears that one of them had neglected an ordinary and proper measure of prevention, the burden is on her to show that the collision was not owing to her neglect, but would have equally happened if she had performed her duty. [Clapp v. Young, Case No. 2,786]; Abb. Shipp. 300, note.

The libel must therefore be dismissed, with costs.

The above case was taken by appeal to the circuit court, and the decree of the district court was affirmed by Justice Campbell.